UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CINDY ANDERSON<br><br>Plaintiff,<br><br>vs.<br><br>REDLINE RECOVERY SERVICES, LLC<br><br>Defendant, | Civil Action No. |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

CINDY ANDERSON, ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against REDLINE RECOVERY SERVICES, LLC, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Cindy Anderson, an individual consumer, against Defendant, Redline Recovery Services, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Cindy Anderson, is a natural person with a permanent residence in Traverse City, Grand Traverse County, Michigan 49686.

4. Upon information and belief the Defendant, Redline Recovery Services, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business in this District located at 11675 Rainwater Drive, Suite 350, Alpharetta, Fulton County, Georgia 30009. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began communicating with Plaintiff on or before April 20, 2011.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. On or about April 20, 2011, Defendant, in connection with the collection of the alleged debt, had a conversation with Plaintiff, who is the co-signor on the alleged debt.

9. On or about April 20, 2011, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "If you don't take either of these two payment options I can't

guarantee that Sallie Mae won't garnish your wages or seize your assets or take money out of your bank account."

10. Upon information and belief, the alleged debt is a private student loan.

11. Upon information and belief, neither defendant nor Sallie Mae has the authority to garnish Plaintiff.

12. Upon information and belief, neither Defendant nor Sallie Mae has the authority to seize Plaintiff's assets.

13. Upon information and belief, neither Defendant nor Sallie Mae has the authority to take money out of Plaintiff's bank account.

14. Defendant made the above statement to Plaintiff for the purpose to harass, oppress or abuse Plaintiff.

15. Defendant's statement above is false, deceptive, misleading, unfair and unconscionable.

## CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any

property or wages of any person when such action is unlawful and the Defendant or alleged creditor does not intend to take such action; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Cindy Anderson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff CINDY ANDERSON respectfully requests that judgment be entered against Defendant, REDLINE RECOVERY SERVICES, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, CINDY ANDERSON, demands trial by jury in this action.

This 22nd day of June, 2011.

> Respectfully submitted,
>
> ALEX SIMANOVSKY & ASSOCIATES LLC
>
> _/s/ Alex Simanovsky_
> Alex Simanovsky, Esq.
> GA Bar No. 646874
> Alex Simanovsky & Associates, LLC
> 2300 Henderson Mill Road
> Suite 300
> Atlanta, GA 30345
> (770) 414-1002
> alex@fdcpalawyeronline.com
>
> *Attorney for Plaintiff*